EDMONDSON, Chief Judge,
concurring in the result, in which BIRCH, Circuit Judge, joins:
This case is a statutory construction case involving an old statute. In defining the acts that the statute declares to be criminal, we must put aside our modern perceptions and preoccupations. Our job is to determine what Congress intended at the time the statute was made law.
Briefly stated, I believe that the pertinent mail-fraud statute requires the government ordinarily[1] to show that the pertinent scheme or misrepresentation was capable of inducing reliance on the part of a reasonable person exercising ordinary prudence for the protection of his own interests.[2] Our — and some other Circuits’— case law has set out this kind of objective standard for decades.
This objective standard was part of the common law of fraud, as I understand it, when the statute was written (1872) and last amended (1909) on point. From the words Congress used, read in the context of that time, I believe Congress intended to incorporate established common law into this then-new, criminal statute.[3] (But a few specific elements — actual reliance by a victim and damages — of common law fraud were implicitly dropped out because the statute expressly reaches intended fraud rather than completed fraud: the scheme, not the result of the scheme, is the crime; no actual victim need exist.) The keynote of the mail-fraud statute is this language:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, ...
I believe this language meant and means that the mail-fraud statute reaches use of the mail to advance deceptions of whatever *1171 kind that meet the test of common law fraud when the statute was enacted but excludes acts that would not meet the test of common law fraud when the statute was enacted.
Especially given the many different jurisdictions in our country, I acknowledge that capturing the common law in the United States for a given year can be difficult when we are looking back a hundred years or so. But I submit that, if the historical view I have restated today is not plainly correct, this previously accepted view of the statute’s sweep is reasonable and far from plainly incorrect. When a criminal statute admits more than one interpretation, the rule of lenity (among other important things, a kind of restraint on ex post facto laws) applies in favor of defendants to limit the statute’s scope to the more narrow interpretation until and unless Congress speaks clearly to expand the statute.
Furthermore, even when I assume that the District Court probably erred in refusing to give an instruction involving the capa&ie-of-inducing-reliance-on-the-part-of-a-reasonable-person-exercising-ordinary-prudence standard, I believe (considering the complicated nature of the scheme[4] in this case) the error was harmless.[5] Therefore, on this basis, I agree with today’s Court that the leaving out of the instruction does not justify a new trial in this case.[6]

. The common law recognized exceptions when fiduciary relations were involved or where a fraud targeted persons historically receiving heightened protection, for example, children, the blind, or the mentally disabled. I suppose that these common law exceptions to the ordinary-prudence standard also are part of the statute. I will assume that no exceptions are presented by this case, however.

. Different elements, including materiality, must also be proved.

. I think the common law fraud Congress intended to take in and to criminalize for the mail-fraud statute was the common law of fraud of 1872 and not the common law of fraud of 1909 (if the common law differed in the later year). In my view, the 1909 amendment added language only to clarify what had been covered by the statute in 1872; put differently, the amendment added no new and independent basis for criminal liability.
Moreover, it seems to me still not to have been settled in 1909 that common law fraud had dropped the requirement of a pertinent scheme or misrepresentation capable of inducing reliance on the part of a reasonable person exercising ordinary prudence for the protection of his own interests.

. Our panel opinion in this case made (correctly, I think) this observation about the scheme underlying this case: The "scheme was so sophisticated and complex that even the most intelligent investor would have been defeated in his quest for the truth. There was no information readily accessible in the public domain that the victims could immediately obtain to confirm or disprove the representations of the sales agents.”

. The government concedes harmful error (if there was error) in this case. But, as a Court, we are under no obligation to accept the concessions of the government about a district court's error. It is ultimately this Court's duty to decide whether an appealed case presents reversible error and whether the court system will be put to the time, trouble, and expense of further proceedings.

. Beyond today’s result, no doubt the Court can today say that it disapproves of language that appeared in the Brown opinion and in earlier opinions discussing the mail fraud standard: that is, declare that certain language incorrectly states the law of our Circuit now. No doubt the courts and judges of this Circuit should take that disapproval seriously and act accordingly as cases come before the courts and judges to which the language might seem to be applicable. I do doubt, however, the authority of today's en banc court to decide whether sets of facts not before it violate the mail fraud and similar statutes. For example, I question whether today’s Court, even en banc, could decide — and, in my view, the Court does not purport to decide — that the seller of valuable real property (1) who exaggerates the property's value to a prospective buyer, (2) but makes no other misrepresentations about the property, and (3) offers the property for sale in the context of a broad and open real estate market (which offers information about value to prospective buyers) is guilty of the crime of mail fraud or similar fraud: the case now before us en banc does not present those facts or anything close to them.
The fewer, specific objective elements required to be proved for a conviction under a criminal statute, the broader the discretion that the Executive Branch can exercise in deciding whether to prosecute a person under the statute (sometimes, the discretion comes close to prosecutional legislation). Nevertheless, I doubt that the Court intends today to say — or can properly decide in this case — that the pertinent statute covers and, thus, authorizes prosecutors to institute criminal proceedings based on what has traditionally been called "seller’s talk,” "dealer’s talk,” or "puffing.”